IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LAFAYETTE SHEPPARD, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:16-CV-1154-Y |
| § | |
| ERIC D. WILSON,[1] Warden § | |
| FCI-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Lafayette Sheppard, a federal prisoner confined at FCI-Fort Worth in Fort Worth, Texas. After considering the pleadings and relief sought by Petitioner, the related briefs and the applicable law, the Court concludes that the § 2241 petition must be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner Lafayette Sheppard was convicted in the United States District Court for the Northern District of Texas, Wichita Falls division, in cause number 7:10-cr-006-O on one count of possession of a controlled substance with intent to distribute and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2(a). (App.(doc. 7-1) at 1-3.) On

---

[1]Because Eric D. Wilson has replaced Rodney W. Chandler as Warden at FCI-Fort Worth, Wilson should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The clerk of Court is directed to make this change on the docket of this case.

November 30, 2010, the Court imposed a sentence of 327 months' imprisonment, to run consecutively to any sentence imposed as a result of then-pending parole revocation proceedings arising from an unrelated conviction in the 30th Judicial District Court, Wichita County, Texas. (*Id*. at 2.)[2] Sheppard did not file a direct appeal.

Sheppard previously filed five motions to reduce sentence in the underlying criminal case, all of which were denied by the Court. (App. (doc. 7-1) at 4-11.)[3] As noted in several of those orders, the Court determined that Sheppard's total offense level was calculated under the career-offender provisions of the sentencing guidelines, § 4B1.1 due to his prior convictions. (App. (Doc. 7-1) at 4, 6, 9.) The United States Court of Appeals for the Fifth Circuit rejected Sheppard's appeals from the denial of two of those motions. (*Id*. at 12-15.) See *United States v. Sheppard,* No. 12-10095 (5th Cir. Nov. 27, 2012); *United States v. Sheppard*, No.13-10592 (5th Cir. Nov. 8, 2013). Sheppard has also filed two motions to vacate under § 2255. The court denied the first § 2255 motion and transferred the second to the Fifth Circuit because Sheppard had not obtained authorization to file a successive § 2255

---

[2]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

[3]The Appendix includes copies of some of the orders. The Court also takes judicial notice of the other orders in the records of the criminal proceedings before the Wichita Falls division of this district in *United States v. Sheppard,* No. 7:10-cr-006-O (N.D. Tex.)(docs. 103, 107, 130, 141 and 152.) *See* Fed. R. Evid. 201(b)(2) and (c)(1).

motion in district court. (App. (doc. 7-1) at 16-33.)[4] The Fifth Circuit denied Sheppard's request for authorization to file the second § 2255 motion. (*Id.* at 34-35.) See *In re Lafayette Sheppard*, No.16-11316 (5th Cir. Nov. 23, 2016). Less than a month later, Sheppard filed the instant § 2241 petition.

## II. CLAIMS FOR RELIEF

Sheppard titled his initial document merely "28 U.S.C. § 2241". (Pet. (doc. 1) at 3.) In that document Sheppard raises several arguments challenging the imposition of his 327 months' sentence by the court, arguing that it was an outside-the-guidelines sentence and that his criminal history was miscalculated. He cites as a basis for relief three recent Supreme Court cases, *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Molina-Martinez v. United States,* 136 S. Ct. 1338 (2016) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (*Id.* at 1-6.) Sheppard seeks to have the sentence that was imposed upon him reduced to 51 months. (*Id.* at 6.)

## III. ANALYSIS

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)(per curiam)(citing

---

[4]The initial § 2255 motion was assigned civil case number 7:11-CV-140-O, and the successive § 2255 motion was assigned case number 7:16-CV-074-O.

3

*Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West Supp. 2017). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005)(per curiam).

Sheppard fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his underlying sentence. Sheppard cannot rely on § 2241 merely because he already sought relief under § 2255 and may now be limited in his ability to seek relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000)(citing *Tolliver*, 211 F.3d at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or

4

ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, petitioner Sheppard has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. As noted, all of Sheppard's arguments challenge the validity of the underlying calculation of the duration of his career-offender based sentence, but he makes no claim that he was actually convicted of a nonexistent offense. The Fifth Circuit "has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford,* 660 F.3d 226, 230 (5th Cir. 2011) (per curiam)(citing *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000)). And, although Sheppard refers to three recent Supreme Court decisions, he has not argued that any of the decisions has been made retroactively applicable, and/or that any of the decisions establishes that he was actually innocent of the charges against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Descamps, Mathis,* and *Molina-Martinez* decisions do not provide a

5

basis for invoking the savings clause. *See e.g., Jackson v. Daniels*, 637 F. App'x 173, 174 (5th Cir. 2016) (affirming district court's rejection of invocation of a savings-clause claim based upon *Descamps* (133 S.Ct. 2276 (2013)) because it had no "effect on whether Jackson was convicted of nonexistent federal drug offenses"); *Oxner v. Roy*, No. 2:14-cv-175, 2014 WL 5824788, at * 1 (S.D. Tex. Nov. 10, 2014)("courts have consistently held that *Descamps* does not apply retroactively to cases on collateral review") (citations omitted); *Getachew v. Harmon,* No.3:17-cv-224-D, 2017 WL 2348834, at *3-4 n. 1 (N.D. Tex. March 27, 2017)(rejecting *Mathis* (136 S.Ct. 2243 (2016)) based claims under the § 2241 savings clause), *rep. and rec. adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017)(Fitzwater, J.); *Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No.8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017)("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

Accordingly, Sheppard is not entitled to relief under § 2241, so his petition seeking such relief must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

6

**IV. ORDER**

For the reasons discussed herein, petitioner Lafayette Sheppard's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED January 19, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE